UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MACUHEALTH, LP,

    Plaintiff,

v.                                      Case No. 8:22-cv-199-VMC-JSS

VISION ELEMENTS, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of MacuHealth LP's motion in limine (Doc. # 91) and Vision Elements Inc.'s motion in limine (Doc. # 92) filed on May 15, 2023. Both parties responded on May 30, 2023. (Doc. ## 95, 96). For the reasons that follow, as to MacuHealth's motion, subparts 1, 2, 3, and 5 are denied as moot and subpart 4 is denied, and, as to Vision Elements' motion, subpart A is granted as unopposed, subpart B is denied, subparts C, D, and F are denied as moot, and subpart E is denied without prejudice.

**I.**     **Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order,

1

remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id.

2

"The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003) ("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

## II. Discussion

The Court will address each subpart of the parties' motions in turn, beginning with MacuHealth's motion.

### A. MacuHealth's Motion in Limine

MacuHealth seeks an order prohibiting the admission of

(1) any reference to its own advertisements,
(2) Vision Elements' certificates of analyses ("COAs") from its LMZ carotenoids broker,
(3) statements made by Vision Elements' broker's COO, Aditya Agarwal,

3

  (4) testimony from two of Vision Elements' customers, Drs. Susan Keene and Chuck Aldridge, and
  (5) tests performed by Canadian Analytical Laboratories.

(Doc. # 91 at 3-9). The Court will address each in turn.

### 1. <u>Subparts 1, 2, 3, and 5</u>

In these subparts, MacuHealth seeks to prohibit the introduction of references to its own advertisements (subpart 1), COAs from FT, Vision Elements' carotenoid broker (subpart 2), out of court statements made by Aditya Agarwal, FT's COO (subpart 3), and tests of Early Defence performed by Canadian Analytical Laboratories (subpart 5).

The Court's order on the parties' motions for summary judgment rendered these requests moot. All of the evidence MacuHealth seeks to prohibit in these subparts go to the falsity of Vision Elements' solvent claims or to its unclean hands defense. In its order, the Court found that there was no genuine dispute of fact: Vision Elements' solvent claims were false. As such, there is no need to determine whether this evidence is admissible.

Therefore, subparts 1, 2, 3, and 5 of MacuHealth's motion are denied as moot.

### 2. Subpart 4

In subpart 4, MacuHealth seeks to bar Drs. Susan Keene and Chuck Aldridge from testifying, asserting that Vision Elements did not properly disclose them under Rule 26. (Doc. # 91 at 7).

In its opposition, Vision Elements notes that MacuHealth initially disclosed the names of the doctors during discovery. (Doc. # 95 at 7). It also contends that any failure to supplement its Rule 26(a) disclosures was substantially justified or harmless, because it reasonably believed it did not have to disclose witnesses previously disclosed by MacuHealth. (Id.).

Rule 26(e)(1)(A), provides that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion ... unless the failure was substantially justified or is harmless." Fed. R. Civ. P.

5

37(c). Courts "should consider the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party if the witness had been allowed to testify." Romero v. Drummond Co., 552 F.3d 1303, 1321 (11th Cir. 2008).

Here, Vision Elements' explanation for the failure to disclose is reasonable. First, by claiming that they were customers who switched from MacuHealth to Early Defense due to false advertisements, MacuHealth is the party that introduced Drs. Keene and Aldridge into the litigation. Second, the testimony of the doctors is key to the remaining damages issue: MacuHealth claims that it lost the doctors' business due to Vision Elements' false advertising; Vision Elements claims that the doctors did not switch due to such advertising. According to the pretrial statement, Drs. Keene and Aldridge are the only customers who will be testifying at trial. Thus, their testimony is critical to the remaining issue of damages. Finally, the prejudice to MacuHealth is minimal. MacuHealth included the doctors on a list of lost customers and used their information to support its claims at summary judgment. It was aware of the relevance of Drs. Keene and Aldridge and cannot prevent unfavorable testimony from witnesses on which it has relied.

Therefore, subpart 4 of MacuHealth's motion is denied.

### B. Vision Elements' Motion in Limine

Vision Elements seeks an order prohibiting the admission of

(A) evidence regarding non-party Vision Essence,
(B) certain advertisements created by Vision Elements,
(C) certain allegedly inflammatory statements made by Frederick Jouhet, MacuHealth's CEO, about Early Defense,
(D) out of court statements made by Salman Mehkri and Aditya Agarwal regarding the use of solvents in Early Defense,
(E) testimony by Mr. Jouhet regarding customers who switched from MacuHealth to Early Defense, and
(F) allegedly duplicative testimony from MacuHealth's experts Dr. James Stringham and Carlos Torres.

(Doc. # 92). The Court will address each in turn.

### 1. Subpart A

Vision Elements seeks to bar the admission of any "reference to [Vision] Essence, its separate product Early Defense sold in Canada, any Canadian consumers of Essence or Plaintiff, any relation between Essence and Defendant, and/or that Plaintiff has lost sales in Canada to Essence[.]" (Doc. # 92 at 4). Vision Elements argues that the admission of such evidence is irrelevant, as Vision Essence is a non-party and its products are not at issue in this case.

While the 3.01(g) certification in Vision Elements' motion indicates that MacuHealth opposed all parts of the

7

motion in limine, MacuHealth failed to address subpart A in its response to the motion. As MacuHealth did not offer an opposition, the Court grants subpart A of Vision Elements' motion as unopposed. Furthermore, the Court agrees that discussion of the non-party Vision Essence and its products would not be relevant to the sole issue remaining for trial: MacuHealth's actual damages incurred as a result of Vision Elements' conduct

### 2. Subpart B

Vision Elements seeks to prohibit evidence of Early Defense marketing materials that do not include the advertisements outlined in the complaint. (Doc. # 92 at 5). It does not want MacuHealth to produce a comparative advertisement found during the discovery process that compares Early Defense to MacuHealth and claims that Early Defense uses a "supercritical CO2 eco-friendly" extraction technique, while MacuHealth uses "solvent extraction: hexane, methane, acetone." (Doc. # 99 at 5). Vision Elements further claims that the comparative advertisement is not relevant because it does not state that Early Defense is free from solvent. (Doc. # 92 at 5). MacuHealth argues that the statements made in the comparative advertisement were pled in

8

its complaint and can be included as evidence. (Doc. # 96 at 2).

"[F]alse advertising causes of actions under the Lanham Act are generally framed in terms of claims (i.e., messages or statements) that are embedded in advertising, rather than each piece of advertising containing the claim." Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics GmbH, Case No. 14-CV-585 (AJN), 2014 WL 5769236 at *3 (S.D.N.Y. Oct. 28, 2014).

MacuHealth is entitled to use this comparative advertisement because it is relevant to its claims and was turned over by Vision Elements during discovery. Vision Elements' claim that the advertisement does not state that Early Defense is solvent-free is disingenuous. Through the nature of the comparative advertisement, it is claiming that MacuHealth uses solvent extraction while Early Defense does not. Further, the paragraph beside the chart in the advertisement states that "Early Defense is free from: . . . class 2 solvents[.]" This ad is highly relevant to MacuHealth's false advertisement claim, and MacuHealth did not have to include each and every advertisement that included the false claims in its complaint.

Therefore, the Court denies subpart B of Vision Elements' motion.

### 3. Subparts C, D, and F

In subparts C, D, and F, Vision Elements seeks to prohibit testimony from MacuHealth's CEO Mr. Jouhet declaring that Vision Elements' product, Early Defense, is unstable, deteriorates, does not contain the stated ratio of ingredients, infringes on any patents, or that Vision Elements or Matthew Hinton lied to consumers, (subpart C), out of court statements made by FT to Mr. Jouhet (subpart D), and allegedly duplicative testimony from MacuHealth's experts Dr. Stringham and Mr. Torres (subpart F).

As discussed in relation to MacuHealth's motion, the Court determined in its summary judgment order that Vision Elements' solvent claims were false. The evidence Vision Elements seeks to prohibit in these subparts is related to the falsity of its solvent claims; therefore, the motion is moot as to these subparts.

### 4. Subpart E

Vision Elements seeks to prevent Mr. Jouhet from (i) testifying regarding the reason customers switched from MacuHealth to Early Defense, (ii) calling MacuHealth the "gold standard" in the industry, and (iii) claiming that the

10

supercritical CO2 extraction process is not possible or not commercially feasible. (Doc. # 92 at 10-12). It argues that these statements are impermissible opinion testimony by a layperson.

In response, MacuHealth argues that Mr. Jouhet, as the CEO of the company, has the particularized knowledge necessary to testify as to these matters. (Doc. # 96 at 15-18).

Rule 701 "does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences." United States v. Hill, 643 F.3d 807, 841 (11th Cir. 2011). Lay opinion testimony is limited to an opinion that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The Eleventh Circuit has held that "business owners or officers" may provide lay testimony based on "particularized knowledge that the witness has by virtue of his or her position in the business." Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., 320 F.3d 1213, 1222 (11th

Cir. 2003) (quoting Fed. R. Evid. 701, advisory committee's note to 2000 amendments).

"[T]he ability to answer hypothetical questions is '[t]he essential difference' between expert and lay witnesses." United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005) (quoting Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190, 1202 n.16 (3d Cir. 1995)). "While lay witnesses may testify about their own immediate perceptions, testimony that blurs into supposition and extrapolation crosses the line into expertise." Lebron v. Sec'y of Fla. Dep't of Child. & Fams., 772 F.3d 1352, 1372 (11th Cir. 2014).

Here, Mr. Jouhet, through his particularized knowledge as CEO, can testify as to his own perception of the industry, as well as the relative standing of MacuHealth and Vision Elements. Therefore, Mr. Jouhet can testify about his observations of customers switching from MacuHealth to Early Defense. He can also testify that he understands that the supercritical CO2 extraction process is commercially infeasible, based on his interactions with manufacturers.

However, he cannot testify as to the impossibility of the supercritical CO2 extraction process. The impossibility of such a process is a scientific question, which Mr. Jouhet,

12

regardless of his experience, is in no better position than anyone else to answer.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) MacuHealth's Motion in Limine is **DENIED as moot** as to subparts 1, 2, 3, and 5 and **DENIED** as to subpart 4.

(2) Vision Elements' Motion in Limine is **GRANTED as unopposed** as to subpart A, **DENIED as moot** as to subparts C, D, and F, and **DENIED without prejudice** as to subpart E.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of June, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE