UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MACUHEALTH, LP,

    Plaintiff,

v.                                          Case No. 8:22-cv-199-VMC-UAM

VISION ELEMENTS, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff MacuHealth, LP's Motion for Entitlement to Attorneys' Fees Pursuant to Local Rule 7.01 and Fed. R. Civ. P. 54(d) (Doc. # 164), filed on August 27, 2024. Defendant Vision Elements, Inc. responded in opposition on September 13, 2024. (Doc. # 169). For the reasons that follow, the Motion is granted in part and denied in part.

**I.    Background**

MacuHealth initiated this action on January 25, 2022. (Doc. # 1). Given the parties' familiarity, the Court will not restate the facts leading up to this action. Suffice it to say, in its complaint, MacuHealth alleged unfair competition under 15 U.S.C. § 1125(a)(1)(B) (Count I), misleading advertising under Fla. Stat. § 817.41(1) (Count II), unfair competition under Florida common

1

law (Count III), and deceptive and unfair trade practice under Fla. Stat. § 501.201 (Count IV). (Id. at ¶¶ 41-81).

MacuHealth and Vision Elements each filed motions for summary judgment. The Court granted MacuHealth summary judgment as to Vision Elements' unclean hands defense. (Doc. # 99 at 36-39). The Court otherwise denied MacuHealth's motion for summary judgment and denied Vision Elements' motion entirely. (Id. at 39-40). The Court's order "note[d] that the only issue left to litigate at trial as to each count [was] whether MacuHealth suffered injury, as the Court ha[d] determined that there is no genuine dispute of fact as to any other element of Count I, II, III, or IV." (Id. at 39).

At trial, the jury determined that MacuHealth has been, or is likely to be, injured as a result of the false advertising, but that MacuHealth had not suffered any actual monetary damages. (Doc. # 141 at 1). The jury further determined that Vision Elements' conduct was not willful and deliberate, Vision Elements was not unjustly enriched by the false or misleading advertising, and an award of Vision Elements' profits was not necessary to deter future conduct. (Id. at 2). The jury also found that Vision Elements did not make a profit from sales made due to the false or misleading advertising, and awarded MacuHealth nominal damages in the amount of $5,000. (Id.).

Judgment was entered in MacuHealth's favor on Counts I, III, and IV of the complaint, and a permanent injunction was entered. (Doc. # 171 at 1). Judgment was entered in favor of Vision Elements on Count II of the complaint. (Doc. # 162 at 1).

MacuHealth now moves for entitlement to attorneys' fees and costs. (Doc. # 164). Specifically, MacuHealth is seeking its full costs and attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a), as well as costs under Federal Rule of Civil Procedure 54(d). (Id. at 2). According to MacuHealth, "[a] fair estimate of the amount sought is $650,000." (Id. at 3). Vision Elements has responded (Doc. # 169), and the Motion is ripe for review.

**II. Discussion**

"Under the Lanham Act, a successful [plaintiff] 'subject to the principles of equity' may recover: '(1) defendant's profits; (2) any damages sustained by the plaintiff, and (3) the costs of the action.'" Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1205 (11th Cir. 2001). The Lanham Act also provides that, "in exceptional cases," the Court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "[T]o be an 'exceptional case' under the Lanham Act requires only that a case 'stands out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated." Tobinick v. Novella, 884 F.3d 1110, 1118 (11th Cir.

2018) (quoting Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014)).

"Determining whether a case is exceptional and, if so, whether to award attorney's fees remains within the sound discretion of the court." Pro Video Instruments, LLC v. Thor Fiber, Inc., No. 6:18-cv-1823-Orl-31LRH, 2021 WL 487020, at *2 (M.D. Fla. Feb. 10, 2021) (citing Tobinick, 884 F.3d at 1117). Put differently, "[t]he district court has the discretion to determine whether a case stands out from others based on the totality of the circumstances." Domond v. PeopleNetwork APS, 750 F. App'x 844, 847 (11th Cir. 2018). However, "[a] case will not qualify as exceptional under the Lanham Act merely because one side has zealously pursued or defended its claim." Tobinick, 884 F.3d at 1119.

While MacuHealth is the prevailing party here, after undertaking the Tobinick analysis, the Court concludes that this case is not exceptional.

MacuHealth's identified examples of Vision Elements' conduct do not establish that its litigating position was exceptionally weak and objectively unreasonable. For instance, MacuHealth argues that it was objectively unreasonable for Vision Elements to maintain the veracity of its advertisements and fail to investigate whether MacuHealth's claims were true. (Doc. # 164 at 8-15). In its response, Vision Elements correctly states that, "even if Vision Elements had conceded on or before summary judgment that

4

the advertisements were false (which it did not believe), the litigation would have continued on the issue of injury." (Doc. # 169 at 13).

While Vision Elements' arguments were largely unsuccessful, MacuHealth has not demonstrated that Vision Elements' position was "objectively baseless." See Nakava, LLC v. S. Pac. Elixir Co., No. 19-81128-CIV, 2022 WL 17833230, at *4 (S.D. Fla. Dec. 5, 2022) (noting that courts "have awarded fees when a claim was found to be objectively baseless"), report and recommendation adopted, No. 19-81128-CIV, 2022 WL 17830536 (S.D. Fla. Dec. 21, 2022). Vision Elements maintained through trial that MacuHealth had not suffered injury – a legitimate defense that was supported by testimony at trial and which Vision Elements partially prevailed on. That is, the jury agreed that MacuHealth did not suffer actual monetary damages. (Doc. # 141 at 1). Given this outcome and Vision Elements' evidence presented at trial, its litigating position was not objectively baseless.

Contrary to MacuHealth's assertion, compensation and deterrence considerations do not make this case exceptional. The jury determined that Vision Elements' conduct was not willful and deliberate and that an award of Vision Elements' profits was not necessary to deter future conduct. (Doc. # 141 at 2). Factors such as deterrence therefore do not weigh in favor of awarding attorneys' fees. The jury's finding that Vision Elements did not

5

act willfully or deliberately also cuts against MacuHealth's arguments that this case is exceptional. See Carnival Corp. v. McCall, No. 18-24588-CIV, 2020 WL 6788102, at *9 (S.D. Fla. Sept. 8, 2020) ("In determining whether a case is exceptional, 'courts may consider whether there was purposeful, intentional or willful conduct that went beyond mere negligence.'"), report and recommendation adopted, No. 18-CV-24588-UU, 2020 WL 6781781 (S.D. Fla. Nov. 18, 2020); see also Salt Life, LLC v. Salt Life Transportation, LLC, No. 2:20-CV-590-JLB-NPM, 2024 WL 326623 (M.D. Fla. Jan. 29, 2024) (granting plaintiff entitlement to attorney's fees because the case was "not 'run of the mill'" and defendant's infringement was willful).

Considering the totality of the circumstances, the Court finds that this case is not exceptional. Accordingly, an award of attorneys' fees is not warranted.

MacuHealth additionally seeks costs under the Lanham Act and Federal Rule of Civil Procedure 54(d). (Doc. # 164 at 2). Vision Elements does not object to the merits of MacuHealth's request for costs. (Doc. # 169 at 16). Rule 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. Pro. 54(d)(1). To be a prevailing party under Rule 54(d), "[a] party need not prevail on all issues to justify a full award of costs." Head v. Medford, 62 F.3d 351,

6

354 (11th Cir. 1995) (citation omitted). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of [R]ule 54(d)." (Id.). Because MacuHealth is the prevailing party, MacuHealth is entitled to its costs.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff MacuHealth, LP's Motion for Entitlement to Attorneys' Fees Pursuant to Local Rule 7.01 and Fed. R. Civ. P. 54(d) (Doc. # 164) is **GRANTED in part** and **DENIED in part**.

(2) MacuHealth is not entitled to recover attorneys' fees from Defendant Vision Elements, Inc. under the Lanham Act. However, MacuHealth is entitled to recover costs.

(3) Within 14 days of the entry of this Order, MacuHealth shall file a proposed bill of costs for the Court's review. Thereafter, Defendant Vision Elements, Inc. shall file its response to MacuHealth's proposed costs within 14 days.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of February, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7