UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MACUHEALTH, LP,

    Plaintiff,

v.                              Case No. 8:22-cv-199-VMC-UAM

VISION ELEMENTS, INC.,

    Defendant.

_____/

**Order**

This matter comes before the Court upon consideration of Plaintiff MacuHealth, LP's Proposed Bill of Costs (Doc. # 173), filed on February 28, 2025. On March 13, 2025, Defendant Vision Elements, Inc. filed an Objection to the Proposed Bill of Costs. (Doc. # 174). Pursuant to the Court's request for more information regarding certain costs, MacuHealth filed a response on May 22, 2025. (Doc. # 176). For the reasons set forth below, the Proposed Bill of Costs is granted in part.

**I.   Background**

MacuHealth initiated this action on January 25, 2022. (Doc. # 1). Given the parties' familiarity with the action, the Court will only briefly summarize the relevant facts. In its complaint, MacuHealth alleged unfair competition under 15 U.S.C. § 1125(a)(1)(B) (Count I), misleading advertising

1

under Fla. Stat. § 817.41(1) (Count II), unfair competition under Florida common law (Count III), and deceptive and unfair trade practice under Fla. Stat. § 501.201 (Count IV). (Id. at ¶¶ 41-81).

Following trial, judgment was entered in MacuHealth's favor on Counts I, III, and IV, and a permanent injunction was issued. (Doc. # 171 at 1). MacuHealth was also awarded nominal damages in connection with Counts I and III. (Id.). On Count II, judgment was entered in favor of Vision Elements. (Doc. # 162 at 1). MacuHealth subsequently moved for entitlement to attorney's fees and costs. (Doc. # 164). The Court granted the motion in part and denied it in part on February 14, 2025, finding that MacuHealth is entitled to recover costs, but not attorney's fees. (Doc. # 172).

II. **Discussion**

MacuHealth seeks to recover $15,610.23 in costs incurred during this action. (Doc. # 173 at 1). In support, the Proposed Bill of Costs attaches a declaration prepared by MacuHealth's counsel, Glenn E. Forbis (Id. at Ex. 1), and itemized invoices for the costs sought. (Id. at Exs. 2-18).

Per 28 U.S.C. § 1920, the Court is permitted to tax the following as costs:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. This includes deposition transcripts. <u>United States v. Kolesar</u>, 313 F.2d 835, 837-38 (5th Cir. 1963).

Specifically, MacuHealth submits the following items as taxable costs: (1) $402.00 for the Clerk's filing fee; (2) $3,590.40 for the September 13, 2022, deposition of Matthew Hinton; (3) $2,514.50 for the November 14, 2022, deposition of Mr. Hinton; (4) $974.00 for the August 10, 2023, deposition of Chuck Aldridge; (5) $886.25 for the August 17, 2023, deposition of Susan Keene; (6) $1,000 for the interpreter in connection with the December 20, 2022, deposition of Eloy Castillo; (7) $659.75 for the December 13, 2022, deposition of Mr. Castillo; (8) $596.35 for the December 20, 2022, deposition of Mr. Castillo; (9) $1,269.25 for the December 15, 2022, deposition of Carlos Torres; (10) $428.12 for the November 16, 2022, deposition of James Stringham; (11)

$1,236.77 for the December 19, 2022, deposition of Frederic Jouhet; (12) $439.04 for the January 20, 2023, deposition of Mr. Jouhet; (13) $809.75 for the November 2, 2022, deposition of Jennifer Jurinic-Hinton; (14) $70.00 for service of process on Vision Elements; (15) $92.00 for service of subpoena on LiquidCapsule,; (16) $145.00 for Mr. Jouhet's hotel; (17) $377.80 in airfare for MacuHealth's counsel; and (18) $120.00 for Mr. Jouhet's witness fee. (Doc. # 173 Exs. 1-18); Doc. # 174 at 3).

As an initial matter, Vision Elements does not object to MacuHealth's recovery of the Clerk's filing fee in Item 1 ($402.00), the deposition costs in Item 7 ($659.75), the witness accommodation costs in Item 16 ($145.00), and the witness fee in Item 18 ($120.00). (Doc. # 174 at 5). The Court thus finds those Items, totaling $1,326.75, taxable as costs.

Moving next to the objections, Vision Elements objects to the taxation of (A) certain costs associated with the deposition transcripts listed in Items 2 through 5 and 8 through 13; (B) costs for the deposition interpreter services in Item 6; (C) certain service-related costs in Items 14 and 15; and (D) airfare costs in Item 17. (Id. at 5-17). The Court addresses each in turn.

### A. Deposition Costs

Vision Elements objects to MacuHealth's recovery of costs for rough draft deposition transcripts and credit card processing fees, arguing that these are convenience costs not recoverable under § 1920. (Doc. # 174 at 5-13). Vision Elements also objects to the costs associated with video depositions, contending that the videotaped depositions were not used at trial and that MacuHealth has not shown that videography was reasonably necessary. (Id. at 5-14). The Court finds that MacuHealth is entitled to recover $11,583.15 of the costs incurred for the deposition transcripts in Items 2 through 5 and 8 through 13.

#### 1. Rough Drafts

First, the cost of a rough draft transcript may be taxed if it was necessarily obtained for the case, rather than a mere convenience. See In re Fundamental Long Term Care, Inc., 753 F. App'x 878, 885 n.4 (11th Cir. 2019) (noting that charges for rough drafts "are not categorically outside the bounds of" § 1920). MacuHealth submits that the two rough transcripts ordered in Items 2 and 3 were necessary due to imminent deadlines and delays caused by Vision Elements. (Doc. # 176 at 1-3).

Indeed, the short timeframe between Mr. Hinton's first deposition (Item 2) and the mediation warranted a rough transcript. See Bales v. Bright Solar Mktg. LLC, No. 5:21-cv-496-MMH-PRL, 2023 WL 5726434, at *6 (M.D. Fla. Aug. 15, 2023) (recommending that costs for rough draft transcripts were necessary "given the tight timeline between the depositions and mediation"), report and recommendation adopted, No. 5:21-cv-496-MMH-PRL, 2023 WL 5720701 (M.D. Fla. Sept. 5, 2023).

MacuHealth has also shown that a rough transcript of Mr. Hinton's second deposition (Item 3) was necessary because the deposition was taken only twenty days before the dispositive motions deadline. See Harris v. Garcia, No. 1:19-cv-22799-DPG, 2025 WL 564335, at *2 (S.D. Fla. Jan. 22, 2025) (finding that courts "have awarded costs for expedited deposition transcripts where the depositions took place within 30 days of the deadline to file dispositive motions"), report and recommendation adopted, No. 1:19-cv-22799-DPG, 2025 WL 561084 (S.D. Fla. Feb. 20, 2025). That Vision Elements also obtained a copy of this rough transcript further supports a finding of necessity here.

Because the Court finds that the rough draft transcripts in Items 2 and 3 were necessarily obtained for use in this case, they are taxable costs.

### 2. Credit Card Fees

The credit card processing fees incurred by MacuHealth, however, are not taxable. The Court finds that such fees were incurred for convenience and not out of necessity. See Blanco v. Samuel, No. 1:21-cv-24023-RNS, 2023 WL 4160667, at *5 (S.D. Fla. Apr. 14, 2023) (finding that credit card processing fees "were clearly incurred for the convenience of counsel and are not taxable under § 1920"), report and recommendation adopted, No. 1:21-cv-24023-RNS, 2023 WL 4160639 (S.D. Fla. June 23, 2023). Therefore, the credit card processing fees – totaling $61.28 between Items 10, 11, and 12 – will be deducted from the Proposed Bill of Costs.

### 3. Videography Costs

Next, the Court determines that the videography costs are taxable in part. Videotaped deposition costs are taxable under § 1920 if the deposition was noticed to be recorded by nonstenographic means, the other party did not object to the method of recordation, and the videotaped recording of the deposition at issue was necessarily obtained for use in the

7

case. See Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 465 (11th Cir. 1996).

Vision Elements noticed that its depositions of Mr. Castillo (Item 8), Mr. Torres (Item 9), and Mr. Jouhet (Items 11 and 12) were to be recorded by a videographer, to which MacuHealth did not object. MacuHealth also represents that it noticed the video depositions of Mr. Hinton (Items 2 and 3), Mr. Alridge (Item 4), Ms. Keene (Item 5), and Ms. Jurinic-Hinton (Item 13), and Vision Elements did not object.

The Court agrees that it was reasonably necessary for MacuHealth to order recordings of the depositions of Mr. Jouhet, Mr. Castillo, and Mr. Torres where Vision Elements had ordered the video depositions. The video recordings were especially necessary for Mr. Castillo and Mr. Torres, as these individuals could not be compelled to testify at trial because they live and work more than 100 miles away from Tampa. See Fed. R. Civ. P. 45(c).

The Court also agrees that Mr. Hinton's two videotaped depositions were necessary given the importance of his testimony to MacuHealth's claims. See Watson v. Lake Cnty., 492 F. App'x 991, 994, 998 (11th Cir. 2012) (holding that the district court did not abuse its discretion in finding that "the Watsons' own depositions, including video depositions,

were 'almost self-evidently necessarily obtained for use in the case'").

With regards to the remaining depositions, MacuHealth has not demonstrated that video recordings were necessary to preserve the testimony of Ms. Keene, Ms. Jurinic-Hinton, or Mr. Aldrige. The Court is not persuaded by MacuHealth's argument that the videos were needed for impeachment purposes because stenographic transcripts are sufficient for that use. As MacuHealth acknowledges, this Court did not permit MacuHealth to use a video recording to impeach a witness during trial; instead, the stenographic transcript was used. MacuHealth offers no other justification for these video recordings and the Court cannot otherwise discern their necessity from the record.

Therefore, MacuHealth is entitled to recover the full costs of the depositions of Mr. Hinton (Items 2 and 3), Mr. Castillo (Item 8), Mr. Torres (Item 9), and Mr. Jouhet (Items 11 and 12). However, the videography costs associated with the depositions of Mr. Aldridge (Item 4), Ms. Keene (Item 5), and Ms. Jurinic-Hinton (Item 13) – totaling $1,100 – are not taxable and will be deducted from the Proposed Bill of Costs.

### B. Interpreter Services

Vision Elements objects to the $1,000.00 interpreter fee requested in Item 6. (Doc. # 174 at 9). Such costs are taxable under Section 1920(6), which permits recovery of costs for "compensation of interpreters." 28 U.S.C. § 1920(6); see also EEOC v. Favorite Farms, Inc., No. 8:17-cv-1292-JSM-AAS, 2019 WL 2255663, at *3 (M.D. Fla. Apr. 15, 2019) (awarding costs for interpreter fees under § 1920(6)).

Vision Elements contends that this cost is superfluous because Vision Elements had already paid to have an interpreter for Mr. Castillo's deposition. The Court agrees. MacuHealth's explanation that it hired a second interpreter to check for discrepancies and ensure accurate translation is not persuasive absent compelling circumstances. The Court thus finds that the $1,000.00 interpreter fee in Item 6 is not taxable, and the Proposed Bill of Costs shall be commensurately reduced.

### C. Service Costs

Vision Elements argues first that the costs associated with service of process in Item 14 should be reduced from $70.00 to $65.00 to align with the hourly rate of the U.S. Marshals Service. (Doc. # 174 at 14-15); see also 28 C.F.R. § 0.114(3). The Court agrees. Because the Declaration and the

10

invoice fail to include any specific information as to the hourly rate of the private process server, the $70.00 service cost requested in Item 14 is reduced to $65.00. See Matiano v. 5th Ave. Tree Experts, Inc., No. 1:20-cv-23972-UU, 2021 WL 414389, at *6 (S.D. Fla. Jan. 15, 2021) (recommending a reduction of the process server fee to $65.00 due to lack of information regarding the time taken to serve process), report and recommendation adopted, No. 1:20-cv-23972-UU, 2021 WL 412350 (S.D. Fla. Feb. 5, 2021).

Next, Vision Elements objects to the $92.00 expedited service fee associated with the subpoena in Item 15, arguing that it should either be entirely removed or reduced. (Doc. # 174 at 15-16). The Court finds that a reduction is warranted, as the amount charged exceeds the hourly rate of the U.S. Marshals Service, and the Declaration offers no justification for the need to expedite service. See Admore v. Hospice of Palm Beach Cnty., Inc., No. 9:21-cv-80047-BER, 2022 WL 4535567, at *2 (S.D. Fla. Sept. 28, 2022) (limiting the recovery of subpoena service costs to the rate charged by the U.S. Marshals Service). Accordingly, the service cost sought in Item 15 is reduced from $92.00 to $65.00.

11

D. **Airfare Costs**

Finally, MacuHealth seeks to recover $377.80 in airfare for its counsel's travel expenses to attend trial. However, as Vision Elements emphasizes, "[r]eimbursement for travel expenses of attorneys is not provided for in the text of 28 U.S.C. § 1920." Miller v. Kenworth of Dothan, Inc., 117 F. Supp. 2d 1247, 1265 (M.D. Ala. 2000); see also Mock v. Bell Helicopter Textron, Inc., 456 F. App'x 799, 802 (11th Cir. 2012) (affirming district court's denial of attorney's travel expenses as costs and noting that "cost recovery is limited by 28 U.S.C. § 1920"). Accordingly, the Court finds that such trial-related travel expenses are not taxable. The Proposed Bill of Costs is thus reduced by an additional $377.80.

As set forth in this Order, the Court partially sustains the objections submitted by Vision Elements. After accounting for the resulting reductions, MacuHealth is entitled to recover $13,039.90 in costs out of the $15,610.23 requested.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff MacuHealth, LP's Proposed Bill of Costs (Doc. # 173) is **GRANTED** in part and **DENIED** in part. The Clerk is directed to enter judgment for costs in favor of MacuHealth

and against Defendant Vision Elements, Inc. in the amount of $13,039.90.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of May, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE